**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **LONNIE KADE WELSH,** | § § | |
| Plaintiff, | § § | |
| v. | § § | A-20-CV-906-RP |
| **MARSHA MCLANE, CHRIS GREENWALD, and KEVIN STITT,** Governor of Oklahoma, | § § § § § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges.

Before the Court is the 42 U.S.C. § 1983 complaint filed by Plaintiff Lonnie Kade Welsh. Welsh has been granted leave to proceed in forma pauperis. Welsh names Marsha McLane, Director of the Texas Civil Commitment Office (TCCO), Chris Greenwald, TCCO case manager, and Kevin Stitt, Governor of Oklahoma, as defendants. (ECF Nos. 1-2.) Upon review, the Court concludes Welsh's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

1

## I. Statement of the Case

Since 2015, Welsh has been involuntarily civilly-committed as a Sexually Violent Predator (SVP) and is in custody at the Texas Civil Commitment Center (TCCC) in Littlefield, Texas. In his complaint, Welsh alleges he is no closer to release from civil commitment today than he was in 2015. He states his sister lives in Tulsa, Oklahoma and that he had petitioned Defendant Greenwald for a transfer to a civil commitment facility in Tulsa, Oklahoma to be nearer to his sister, but Defendant McLane refused his request. Welsh further alleges that, through Defendant McLane's policies, the State of Texas has denied him access to his personal property, denied him the right to acquire new property, denied him his right to communicate with others, and that he has been repeatedly beaten and chained up. Welsh also alleges he has been "consistently placed into punitive isolations for weeks and months at a time"; and that he is in constant fear for his physical safety due to the "draconian" conditions of confinement at TCCC.

Welsh claims that, under the Fourteenth Amendment's Privileges and Immunities Clause, he has a right to leave Texas and move to Oklahoma. He further claims that McLane and Greenwald have violated his Fourteenth Amendment rights to personal security and health, and have stripped him of the rights and privileges of his United States citizenship by virtue of his class status. He seeks to have this Court enjoin McLane and Greenwald and declare his "right to egress" from Texas to Oklahoma; he also seeks an order requiring that Defendant Stitts civilly-commit Welsh to a mental-health facility near Tulsa, Oklahoma. (ECF No. 1.)

## II. Discussion & Analysis

An in forma pauperis proceeding may be dismissed *sua sponte* under 28 U.S.C. § 1915(e) if the Court determines the complaint is frivolous, malicious, fails to state a claim upon which

2

relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). In evaluating whether a complaint fails to state a claim under § 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007)).

When reviewing a plaintiff's complaint, the court must construe the plaintiff's allegations as liberally as possible. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97,106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, a plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff's complaint appears aimed solely at securing his release from TCCC via a court-ordered transfer to a mental-health facility in Tulsa, Oklahoma. To this end, Welsh alleges that Defendant McLane has enacted policies that violate his constitutional rights by infringing on his ability to retain and acquire personal property, by not allowing him to communicate with individuals outside of TCCC and by physically punishing him and treating him to "draconian" conditions of confinement. Because the only relief he seeks is a court-ordered transfer from Texas to Oklahoma, the Court interprets his claims regarding his property, communication, and

3

conditions of confinement as Welsh's effort to bolster his argument that his confinement at TCCC is objectively unreasonable and he is therefore entitled to a transfer to Oklahoma.

Welsh cites no legal authority to support his claim that this Court has the authority to grant the relief he seeks. Certainly, as one civilly committed, Welsh is entitled to greater protections than convicted prisoners who do not have a liberty interest in prison transfers. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). Nonetheless, Welsh identifies no statute or case law suggesting that, unlike prisoners, courts have recognized such a right for civil committees. To the extent Welsh is challenging the fact or duration of his commitment at TCCC, that claim is only cognizable in a petition for writ of habeas corpus, not a § 1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). As it stands, Welsh's request fails to state a claim upon which relief can be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (only a complaint that states a plausible claim for relief survives a motion to dismiss.)

As to Welsh's allegations that McLane has unconstitutionally seized his personal property and will not permit him to acquire new property, he fails to plead any facts which would allow this Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (under the Fourteenth Amendment, the intentional deprivation of property only becomes a potential constitutional violation if and when the State fails to provide due process) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 (1981)); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (even an intentional deprivation made without regard to the proper procedural regulations would not violate procedural

due process if the state furnished an adequate post-deprivation remedy; in Texas, the tort of conversion fulfills this requirement).

Welsh also alleges that McLane's policies prohibit him from communicating with "others that he wishes." As a civil committee, Welsh retains his First Amendment rights but these rights are subject to restrictions "so long as [the restrictions] advance the state's interest in security, order, and rehabilitation." *Bohannon v. Doe*, 527 F. App'x 283, 294 (5th Cir. 2013) (citing *Ahlers v. Rabinowitz*, 684 F.3d 53, 64 (2d. Cir. 2012)). Again, Welsh offers only conclusory statements and fails to plead facts describing how Defendants have violated his First Amendment rights. Welsh also alleges his confinement at TCCC violates the Fourteenth Amendment's Equal Protection clause and that the conditions at TCCC are "draconian." Apart from these conclusory statements, Welsh fails to allege any facts that would allow the Court to draw the inference that the Defendants are liable for any misconduct. *See Brown v. Taylor*, 911 F.3d 235, 243 (5th Cir. 2018) (due process requires conditions of confinement at SVP facility bear a reasonable relation to "Texas's twin goals of 'long term supervision and treatment of sexually violent predators'") (citation omitted); *Wheeler v. Miller*, 168 F.3d 241, 242 (5th Cir. 1999) (equal protection claim requires proof that similarly situated individuals were treated differently).

Welsh's allegations that "the State has repeatedly beaten him and chained him" at TCCC and that he "is in constant fear for his physical safety as the state has abused him physically and mentally by the consistent use of force" might, with more detail, state a legally-cognizable claim. However, as noted above, Welsh has failed to show he has any right to the only relief he seeks, i.e. release from TCCC and transfer to a mental-health facility in Oklahoma. Further, he fails to allege that any of the named defendants were personally involved in these events. *See Thompson v. Steele*,

5

709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action") As a result, this claim also fails as a matter of law.

### III. Recommendation

The undersigned recommends the Court **DISMISS WITHOUT PREJUDICE** this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV. Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

SIGNED this 9th day of December, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE